## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ALBERT A. COLEMAN,<br>2) ALLEN HENDERSON,<br>3) BREAUNA LEE ROBERSON,<br>4) KARMELLA M. JOHNSON,<br>5) LATEKA R. ALEXANDER,<br>6) MAGAN TURNER,<br>7) MICHAEL M. FIELDS,<br>8) NATALIE DIANE HUNTER,<br>9) SHA TARA L. FISHER,<br>10) TIFFANY LYDALE EUWINS, and<br>11) VITO L. MCINTEE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>1) STATEWIDE COLLECTIONS, INC.;<br>2) QUICK LOANS, INC. d/b/a STATEWIDE COLLECTIONS, INC.;<br>3) THE BREIT COMPANY d/b/a STATEWIDE COLLECTIONS, INC.;<br>4) THE BREIT INVESTMENT CORP. d/b/a STATEWIDE COLLECTIONS, INC.; and<br>5) BILL G. BREIT d/b/a STATEWIDE COLLECTIONS, INC.;<br><br>Defendants. | Civil Action<br><br>Case No. CIV-17-1191-M<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs ALBERT A. COLEMAN, ALLEN HENDERSON, BREAUNA LEE ROBERSON, KARMELLA M. JOHNSON, LATEKA R. ALEXANDER, MAGAN TURNER, MICHAEL M. FIELDS, NATALIE DIANE HUNTER, SHA TARA L. FISHER, TIFFANY LYDALE EUWINS, and VITO L. MCINTEE, on behalf of

1

themselves and others similarly situated (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned attorney, allege against Defendants STATEWIDE COLLECTIONS, INC., QUICK LOANS, INC. d/b/a STATEWIDE COLLECTIONS, INC., THE BREIT COMPANY d/b/a STATEWIDE COLLECTIONS, INC., THE BREIT INVESTMENT CORP. d/b/a STATEWIDE COLLECTIONS, INC., and BILL G. BREIT d/b/a STATEWIDE COLLECTIONS, INC. (hereinafter collectively referred to as "Statewide Collections, Inc." or "Defendants") as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of 15 U.S.C. §§ 1692-1692p, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. This civil action arises under the Constitution, laws, or treaties of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This is an action to enforce liability created by the FDCPA.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. 1692k(d).

6. A substantial part of the events or omission giving rise to Plaintiffs claim occurred in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

### III.   PARTIES

8. Plaintiffs, and each of them, are natural persons.

9. Plaintiffs are allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Plaintiff are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

11. Defendants, and each of them, are persons.

12. Defendant STATEWIDE COLLECTIONS, INC. is registered with the Oklahoma Secretary of State as an active tradename for Quick Loans, Inc.

13. Defendant QUICK LOANS, INC. d/b/a STATEWIDE COLLECTIONS, INC. is registered with the Oklahoma Secretary of State under filing number 1900483082 as a Domestic For Profit Business Corporation formed on October 6, 1989, whose registered agent is Bill Breit, 2301 N. Broadway, Oklahoma City, Oklahoma 73103.

14. Defendant THE BREIT COMPANY d/b/a STATEWIDE COLLECTIONS, INC. is registered with the Oklahoma Secretary of State under filing number 2312016995 as a Foreign For Profit Business Corporation formed on August 25, 2003, whose registered agent is Bill Breit, 2309 N. Broadway, Oklahoma City, Oklahoma 73118.

15. Defendant THE BREIT COMPANY d/b/a STATEWIDE COLLECTIONS, INC. is registered with the Texas Secretary of State under file number 0024748600 as corporation with an effective registration date of May 24, 1968, whose registered agent is Gregory A. Copp, 1202 Nueces St., Austin, Texas 78701.

16. Defendant THE BREIT INVESTMENT CORP. d/b/a STATEWIDE COLLECTIONS, INC. is registered with the Oklahoma Secretary of State under filing number 1900246715 as a Domestic For Profit Business Corporation form on May 5, 1972, whose registered agent is Bill G. Breit, 2301 N. Broadway, Oklahoma City, Oklahoma 73103.

17. Defendants collectively do business as Statewide Collections, Inc.

18. Defendants, through their subsidiaries, employees, agents, and/or representatives, use instrumentalities of interstate commerce or the mails in their businesses for the principal purpose of the collection of "debt" as defined by 15 U.S.C. § 1692a(5).

19. Defendants, through their subsidiaries, employees, agents, and/or representatives, regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendants conduct their business through each other.

21. Defendants share the same principal office or place of business at the same address in Oklahoma City, Oklahoma.

22. Defendants have common ownership, management, control, and supervision.

23. Upon information and belief, Quick Loans, Inc. wholly owns Statewide Collections, Inc., The Breit Company wholly owns Quick Loans, Inc. and Statewide Collections, Inc., The Breit Investment Corp. wholly owns Quick Loans, Inc. and The Breit Company, and Bill G. Briet owns Quick Loans, Inc., Statewide Collections, Inc., The Breit Company, and The Breit Investment Corp.

24. Upon information and belief, Bill G. Briet controlled the acts and practices of Statewide Collections, Inc., Quick Loans, Inc., The Breit Company, and The Breit Investment Corp.; The Breit Investment Corp. controlled the acts and practices of Statewide Collections, Inc., Quick Loans, Inc., and The Breit Investment Corp.; The Breit Company controlled the acts and practices of Statewide Collections, Inc. and Quick Loans, Inc.; Quick Loans, Inc. controlled the acts and practices of Statewide Collections, Inc.

25. Namely, upon information and belief, Bill G. Briet, has been responsible for creating and implementing debt collection policies and procedures for himself and his subsidiaries, including Statewide Collections, Inc., Quick Loans, Inc., The Breit Company, and The Breit Investment Corp.

26. Defendants, through their subsidiaries, employees, agents, and/or representatives, collect debts from consumers, including Plaintiffs, under the name "Statewide Collections, Inc."

27. Defendants, through their subsidiaries, employees, agents, and/or representatives, furnish credit information about consumers, including Plaintiffs, under the name "Statewide Collections, Inc."

28. Upon information ad belief, Defendant, through their subsidiaries, employees, agents, and/or representatives, agree to and do fully operate their business on behalf of each other as "Statewide Collections, Inc."

29. Defendants are a common business enterprise for all intents and purposes.

30. Defendants are the alter ego for each other under their legal trade name of "Statewide Collections, Inc."

31. Defendants operated as a common business enterprise while engaging in the unlawful debt collection practices alleged in this complaint.

32. Defendants conducted their debt collection practices alleged herein through an interrelated network of companies that have common ownership, business functions, employees, and office locations.

33. Defendants, given their common enterprise, are jointly and severally liable to Plaintiffs.

34. Defendants acts subject them for common-enterprise liability to Plaintiffs herein.

35. Defendants are "debt collector[s]" as defined by 15 U.S.C. § 1692a(6).

### IV.   FACTS

36. Between December 2016, to present, Plaintiffs obtained copies of their consumer (credit) reports.

37. Defendants had tradelines on Plaintiffs' credit reports that listed the creditor or furnisher name as Statewide Collections, Inc.

38. Between December 2016, until about April 2017, Plaintiffs mailed letters to Statewide Collections, Inc. advising Defendants that Plaintiffs disputed the alleged debts and asking for validation and verification of the debt with respect to all subject accounts.

39. Over a month thereafter, respectively, Plaintiffs, having received nothing in the way of the requested information, ran their credit reports.

40. Statewide Collections, Inc. failed to mark the tradelines on Plaintiff's credit reports as disputed, despite having reported the alleged debts to consumer reporting agencies after Plaintiff submitted their respective written disputes to Statewide Collections, Inc.

41. As a result of Defendants' conduct, Plaintiffs have suffered from mental anguish, emotional distress, loss of time, loss of credit opportunity, and incurred out of pocket costs.

### V.   COUNT I – VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)

42. Plaintiffs repeat the allegations contained in paragraphs 1 through 41 and incorporate them as if set forth at length verbatim herein.

43.     Defendants were the authors of tradelines on Plaintiffs' credit reports run between November 2016, until about April 2017.

44.     Plaintiffs advised Defendants via letters dated November 2016, until about April 2017, that the alleged debt reported by Statewide Collections, Inc. were being disputed.

45.     Plaintiffs, having not received any of the information and/or documentation requested in their letters, ran another credit report over a month after their mailed dispute letters.

46.     Defendants reported their tradelines on Plaintiffs credit reports on and after December 2016, but failed to update the tradelines as disputed despite receiving notice of Plaintiffs' respective disputes prior to Defendants further furnishing tradeline information to consumer reporting agencies concerning Plaintiffs, respectively.

47.     Defendants' failure to update the credit report to accurately reflect that Plaintiffs' purported accounts, debts, or alleged debts were disputed when updating their tradelines is a violation of 15 U.S.C. 1692e(8), which prohibits the failure to communicate that a disputed debt is disputed.

## VI.     CLASS ALLEGATIONS

48.     Plaintiffs bring this action on behalf of a Class consisting of (a) all natural persons in the State of Oklahoma, (b) who have tradelines by Statewide Collections, Inc. on their consumer reports, (c) regarding debt(s) or alleged debt(s), incurred for personal, family, or household purposes, (d) that was disputed orally or in writing with Statewide Collections, Inc., and (e) Statewide Collections, Inc. failed to update the credit report to reflect the

debt(s) or alleged debt(s) as disputed after receiving the disputes and updating their tradelines on or after November 6, 2016.

49. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 100 members of the Class.

50. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether Defendants' failure to notate disputed debts or alleged debts as disputed when furnishing tradeline information to consumer reporting agencies after receiving notice that the debts or alleged debts are disputed by the respective consumers violates the FDCPA.

51. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

52. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

53. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### VII.   JURY DEMAND

54. Plaintiffs hereby demand a trial by jury on all issues so triable

### VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendants for:

a. actual damages;

b. statutory damages;

c. attorneys' fees, litigation expenses and costs of suit; and

d. such other or further relief as the Court deems just and proper.

                Respectfully submitted,

Dated: November 6, 2017

s/ Brian L. Ponder
Brian L. Ponder, Esq.
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFFS